```
JS-6                     UNITED STATES DISTRICT COURT         Priority    ___
                         CENTRAL DISTRICT OF CALIFORNIA       Send        ___
                                                              Enter       ___
                              CIVIL MINUTES - GENERAL         Closed      ___
                                                              JS-5/JS-6   ___
cc:order, docket, remand letter to                            Scan Only   ___
Los Angeles Superior Court, West District, Santa Monica, No. SC 115679
```

**CASE NO.:** <u>CV 12-04068 SJO (SHx)</u>     **DATE:** <u>May 18, 2012</u>

**TITLE:**   <u>LA Laser Center, PC v. Viamedia, Inc., et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO STATE COURT**

The Court is in receipt of Defendant Viamedia, Inc.'s ("Defendant") Notice of Removal ("Notice"), filed May 10, 2012. For the following reasons, the Court REMANDS this action to state court.

I.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff LA Laser Center, PC ("Plaintiff") filed its Complaint against Defendant in Los Angeles Superior Court on January 24, 2012, alleging: (1) breach of contract; (2) unjust enrichment; (3) fraud in the inducement; (4) common law fraud; (5) negligent misrepresentation; (6) intentional misrepresentation; and (7) violations of California Business and Professions Code section 17200. (*See generally* Notice Ex. A ("Compl."), ECF No. 1.) On May 10, 2012, Defendant removed the case to federal court on diversity jurisdiction grounds. (Notice ¶ 6.) Defendant asserts that "Plaintiff seeks damages arising out of its contractual relationship with [Defendant] in the amount of $86,696.69, plus punitive and exemplary damages, interest, fees and costs."

II.    <u>DISCUSSION</u>

    A.     <u>Legal Standard for Removal</u>

It is a fundamental legal principle that federal courts are courts of limited jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted); *see also Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. *Caterpillar, Inc. v.*

CASE NO.: **CV 12-04068 SJO (SHx)**                    DATE: **May 18, 2012**

*Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." (footnotes omitted)).

  B. *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether subject matter jurisdiction exists in this case.

  C. Diversity Jurisdiction - Amount in Controversy

A removing party claiming diversity jurisdiction must show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see* 28 U.S.C. § 1446(c)(2)(B) (West 2012) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

To meet this burden, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks omitted). Conclusory allegations and unsupported assumptions alone are insufficient to satisfy the requirement. *See id.* Courts may consider facts "presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson*, 319 F.3d at 1090 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Plaintiff's Complaint does not specify a total amount of damages sought across all claims. (*See generally* Compl.) The Complaint lists specific amounts only for the breach of contract and unjust enrichment claims. (*See* Compl. ¶¶ 25-43.) Plaintiff's breach of contract claim arises out of a written monthly installment contract in which Plaintiff agreed to pay $22,000 per month for three months for Defendant's online advertising services. (Compl. ¶ 24.) Plaintiff alleges that at the end of the three-month contract term, Defendant charged an additional $22,000 to Plaintiff's credit card without authorization and has failed to refund the money despite promising to do so. (Compl. ¶¶ 28-33.) Plaintiff also claims that Defendant breached the contract by failing to allocate 88% of the monthly payments to directly paying search engines for pay-per-click advertising. (Compl. ¶ 27.) Plaintiff claims that Defendant instead outsourced the work to another advertising service,

CASE NO.: **CV 12-04068 SJO (SHx)**          DATE: **May 18, 2012**

incurring additional surcharges, and left $20,696.69 sitting idle in Plaintiff's accounts. (Compl. ¶ 27.) Plaintiff alleges that Defendant had failed to refund the remaining account balance despite its promise to do so. (Compl. ¶ 34-37.) It is apparent on the face of the Complaint that Plaintiff seeks at least $42,696.69 in breach of contract damages.

Plaintiff's unjust enrichment claim seeks restitution of the $22,000 overpayment and the $20,696.69 account balance, for a total of $42,696.69.[1] (Compl. ¶¶ 38-44.) To support removal, Defendant asserts that it is facially apparent that the amount in controversy exceeds $75,000 because Plaintiff's first and second causes of action seek a combined total of at least $86,696.69. (Notice ¶ 6.) The Court disagrees.

"[A] plaintiff may not maintain quasi-contract claims such as unjust enrichment, money had and received, and money paid 'if the parties have an enforceable agreement regarding a particular subject matter.'" *Allen v. Hylands, Inc.*, No. CV 12-01150 DMG (MANx), 2012 WL 1656750, at *5 (C.D. Cal. May 2, 2012) (quoting *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012)). Plaintiff's first and second causes of action concern the exact same $22,000 overpayment and $20,696.69 account balance but allege inconsistent theories of recovery. Plaintiff can prevail on either its first cause of action for breach of contract or its second cause of action for unjust enrichment, but not both. *See Clear Channel Outdoor, Inc. v. Bently Holdings Cal. LP*, No. C-11-2576 EMC, 2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011) ("[E]ven though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative."); *see also McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) ("[R]estitution may be awarded **in lieu** of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." (emphasis added)).

Because Plaintiff's first and second claims are premised on mutually exclusive theories of recovery, Defendant's assertion that the two claims can be aggregated to meet the requisite amount in controversy is incorrect. Defendant cannot rely on the same damages twice to support removal where, as here, there is no viable theory under which Plaintiff could obtain double recovery. Accordingly, the Court finds that, on its face, Plaintiff's Complaint seeks a total of $42,696.69, either as a damages remedy for breach of contract or, in the alternative, as restitution to avoid unjust enrichment.

---

[1] Plaintiff's Complaint alleges that Defendant has been unjustly enriched in the amount of $44,696.69. (Compl. ¶ 43.) Given that the sum of the claimed overpayment and remaining account balance is only $42,696.69, the Court assumes that the extra $2000.00 claimed is the result of a mathematical error. (*See* Compl. ¶¶ 40, 41.) Ultimately, the difference is negligible, as neither amount satisfies the amount-in-controversy requirement.

**JS-6**                    **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-04068 SJO (SHx)</u>        **DATE:** <u>May 18, 2012</u>

Defendant notes in its Notice of Removal that the Complaint also seeks punitive and exemplary damages, interest, fees and costs. But Defendant provides only the Complaint to support removal, and the Complaint does not specify amounts for these additional damages. Defendant does not even estimate the amount of punitive and exemplary damages[2] at stake, much less provide the Court with the requisite "summary-judgment-type" evidence to establish the amount in controversy. The Court finds that Defendant has failed to show by a preponderance of the evidence that more than $75,000 is in controversy.

Because Defendant has not shown that the amount in controversy exceeds the jurisdictional threshold, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Los Angeles. This action shall close.

IT IS SO ORDERED.

---

[2] Because the amount in controversy must exceed $75,000 exclusive of interest and costs, those amounts are irrelevant for purposes of determining the propriety of removal. *See* 28 U.S.C. § 1332.